IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 3:13-CR-350-K |
| KAY JENKINS (02) | § | |

## PLEA AGREEMENT

Kay Jenkins ("Jenkins"), Joe Kendall and Jody Rudman (the defendant's attorneys), and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: Jenkins understands that she has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Jenkins waives these rights and pleads guilty to the offense alleged in Count 11 of the Superseding Indictment. Count 11 charges a violation of 18 U.S.C. § 1956(h) (18 U.S.C. § 1957), that is, Conspiracy to Commit Money Laundering. Jenkins understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

Plea Agreement – Page 1 of 11

    a.    imprisonment for a period not to exceed 10 years, on Count 11;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Jenkins violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which Jenkins agrees may include restitution arising from all relevant conduct, not limited to that arising from each offense of conviction alone;

    f.    forfeiture; and

    g.    costs of incarceration and supervision.

4.    **Sentencing Agreement**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the appropriate maximum term of imprisonment in this case is a period of imprisonment not to exceed 36 months' imprisonment. The defendant will be permitted to argue for a non-custodial sentence and does not agree that imprisonment of any period of time is appropriate. If the Court accepts this plea agreement, this custody sentencing limitation is binding on the Court. Other than this limitation on the maximum prison term that the Court can order, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

5.    **Rejection of agreement**. Pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects this plea agreement, the Court shall afford Jenkins the opportunity to

withdraw her plea and proceed to trial, and advise the defendant that, if she persists in her guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by this agreement.

6. **Mandatory special assessment.** Jenkins agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. **Forfeiture.** Jenkins consents to the immediate assignment, forfeiture, transfer, or other disposition of her right, title, and interest in all property seized by the government and further agrees to the interlocutory sale of property at the discretion of the government. Jenkins agrees that she will not assert a claim to any property or otherwise impede any efforts to liquidate or dispose of any property.

Jenkins agrees to fully cooperate with the government in the liquidation of assets to be applied towards restitution to the victim of her crime, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title, and interest she may have in and/or to such property, and waives her rights to exemptions upon levy against and sale of any such property by execution of the restitution lien provided by 18 U.S.C. § 3613.

Jenkins fully understands that forfeiture and restitution are separate and distinct financial obligations that may be imposed upon a criminal defendant. Jenkins understands that there is a restoration process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. Jenkins affirms that no one has made any promises to her that the restoration process will result in

a decrease of her restitution obligations in this case.

Jenkins agrees to make good-faith efforts toward payment of all monetary obligations imposed by the Court by whatever means she has at her disposal and further agrees that failure to do so will constitute a violation of this plea agreement. Defendant understands and agrees that any and all monetary impositions made by the Court will be due immediately and subject to immediate enforcement by the government as provided for by statute. Jenkins understands that if the Court imposes a schedule of payments, that schedule is merely the defendant's minimum obligation and neither the only method, not a limitation on the remedies, available to the United States to enforce the judgment.

8.   **Amount of Restitution**. Jenkins understands that the Court must, pursuant to 18 U.S.C. §§ 3663A-3664, order restitution to the victim in the full amount of the victim's losses as determined by the Court, and without consideration of her economic circumstances. As part of the plea agreement, Jenkins agrees to pay full restitution to the victim, The Collin Street Bakery, Inc. Jenkins agrees to pay restitution for the entire scope of her criminal conduct, including but not limited to, all matters included as relevant conduct. The full amount of the victim's losses may not be ascertainable until after completion of the pre-sentence report and/or sentencing hearing.

Pursuant to 18 U.S.C. § 3664(j)(2), the parties agree to jointly recommend to the Court that the Clerk of the Court offset the full restitution ordered by the value of the property returned to the victim pursuant to 18 U.S.C. § 3664(f)(4) and amounts that the victim has already recovered from Jenkins and elsewhere. Pursuant to 18 U.S.C. § 3664(d)(1), the government will confer with the victim to provide the United States

Probation Office the full amount of the victim's loss and the amount recovered to be offset from the total restitution figure at sentencing. Jenkins understands and agrees that any dispute as to the proper amount will be resolved by the Court by preponderance of the evidence at sentencing in accordance with 18 U.S.C. § 3664(e).

9. **Transfer of Assets.** Jenkins agrees to make financial disclosures that specifically identify all assets held individually or jointly, directly or indirectly, valued at more than $1,000 which have been transferred to third parties since the date which is 90 days prior to the date of indictment, including the location of assets and the identity of the third parties holding such assets, including any trusts and/or business entities. Additionally, Jenkins agrees to notify the United States Attorney's Office before she transfers any interest in property owned directly or indirectly by Jenkins, including any interest held or owned in any other name, including all forms of business entities and trusts.

10. **Life and Limits of Agreement**. Jenkins understands and agrees that the financial reporting obligations herein will remain in full force and effect until her liability to pay any fine or restitution order has expired or been satisfied under 18 U.S.C. § 3613. Except as expressly set forth in this agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against the defendant or any other person or entity. The terms of this agreement are limited to the United States Attorney's Office for the Northern District of Texas and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

11. **Treasury Offset Program**. Jenkins understands and agrees that, upon sentencing, the government may refer her judgment debt to the Treasury Offset Program to offset funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to apply those funds to her outstanding fine or restitution balance until her liability to pay any fine or restitution order has expired or been satisfied under 18 U.S.C. § 3613.

12. **Financial Statement**. Jenkins agrees to truthfully complete a financial statement form provided by the United States Attorney's Office. Jenkins shall date and sign the form under penalty of perjury to certify that her financial statement fully and completely discloses her financial condition, including all assets owned or held directly or indirectly, individually or jointly, or in which she has any legal interest, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities. Jenkins shall provide the fully executed financial statement within 30 days of her signature on this plea agreement, and thereafter, Jenkins shall notify the United States Attorney's Office and update the financial statement regarding any material change in her economic circumstances within 5 days of the event changing her financial condition. Jenkins understands and agrees that her financial statement will be used for the collection of any fine or restitution ordered by the Court and for the identification of any property subject to forfeiture. The parties agree that the defendant's failure to timely and accurately complete and sign a financial statement, and any update thereto may, in addition to any other penalty or remedy authorized by law, constitute the defendant's failure to accept responsibility under USSG § 3E1.1.

13. **Defendant's Agreement.** Jenkins shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Jenkins shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Jenkins expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Jenkins fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Jenkins agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy her full and immediately enforceable financial obligation. Jenkins understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

14. **Government's agreement**: The government will not bring any additional charges against Jenkins based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, the remainder of the superseding indictment as to Kay Jenkins, including all other counts of the superseding indictment in which she is charged, and will not pursue the prosecution of her for any of those counts. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does

not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Jenkins or any property.

15. **Violation of agreement**: Jenkins understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Jenkins for all offenses of which it has knowledge. In such event, Jenkins waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Jenkins also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

16. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

17. **Waiver of right to appeal or otherwise challenge sentence**: Jenkins waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in an amount to be determined by the district court. She further waives her right to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. She further waives her right to seek any future reduction in her sentence (e.g., based on a change in sentencing guidelines or statutory law). Jenkins, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an

arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

18.     **Representation of counsel**: Jenkins has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Jenkins has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Jenkins has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

----- **NOTHING FURTHER ON THIS PAGE** -----

19. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 17th day of May, 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
KAY JENKINS
Defendant

_____
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

_____
JODY RUDMAN
Attorney for Defendant

_____
KATHERINE MILLER
Deputy Criminal Chief

_____
JOE KENDALL
Attorney for Defendant

_____
CHAD E. MEACHAM
Criminal Chief

Plea Agreement – Page 10 of 11

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorneys. I fully understand it and voluntarily agree to it.

*[signature]*        5-17-15
KAY JENKINS        DATE
Defendant

We are the defendant's counsel. We have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, our client's decision to enter into this Plea Agreement is an informed and voluntary one.

*[signature]*        5-17-15
JODY RUDMAN        DATE
Attorney for Defendant
Kay Jenkins

*[signature]*        5-17-15
JOE KENDALL        DATE
Attorney for Defendant
Kay Jenkins